# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | No. 3:07-CR-47 |
| V. | ) | (VARLAN/SHIRLEY) |
| | ) | |
| | ) | |
| | ) | |
| ZACHARIAH WILLIAMS | ) | |

## ORDER OF DETENTION PENDING TRIAL

An initial appearance and arraignment were held in this case on August 23, 2007. Tracy Stone, Assistant United States Attorney, was present representing the government, and Paula Voss, Assistant Federal Defender, was present representing the defendant. Upon motion of the government for detention stating the defendant was in state custody and counsel for the defendant stating that the defendant wished to waive his right to a detention hearing at this time but reserve the right to have a detention hearing at a later date, if appropriate, the defendant shall be detained. Pursuant to the defendant signing a Waiver of Detention Hearing, the defendant is to be detained. 18 U.S.C. § 3142(f)(2)(B). The government stated it had no objections. The defendant was present. For good cause, and by agreement of the defendant, this detention hearing is waived and the defendant is detained.

The defendant is aware of his rights to a prompt detention hearing and to require the government to meet its burden of proving that no conditions of release exist

which will reasonably assure his appearance in court and the safety of the community. The defendant knows that if his detention hearing is waived he will remain in custody while it is continued. The defendant acknowledged in open court that he understands his rights and the consequences of waiving his detention hearing.

For good cause shown, the defendant's request not to contest, and to waive the detention hearing is hereby **GRANTED.**

It is therefore **ORDERED** that:

(1)   Defendant be detained.;

(2)   Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3)   Defendant be afforded reasonable opportunity for private consultation with counsel; and

(4)   On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with any court proceeding.

ENTER:

     s/ C. Clifford Shirley, Jr.     
United States Magistrate Judge